UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
AT McALLEN

| | | |
|---|---|---|
| SAN JUANITA GARCIA, | ) | |
| | ) | |
| Movant, | ) | USDC Case No.  7:19-cv-____ |
| | ) | |
| v. | ) | |
| | ) | USDC Case No.  7:17-cr-1288-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Randy Crane |
| Respondent. | ) | United States District Judge |

_____

## _PRO SE_ MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW SAN JUANITA GARCIA, Movant _pro se,_ in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law.

### I. Introduction

Mrs. Garcia asks this Honorable Court to grant an out-of-time appeal, reinstate the criminal judgment on the docket, and file a notice of appeal on

behalf of Mrs. Garcia, based on former counsel's ineffective assistance in failing to adequately consult with her on her appellate rights, following imposition of a lengthier sentence than Mrs. Garcia expected, based on former counsel's assessment of the sentencing consequences of the plea she accepted.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mrs. Garcia so moves this Court on grounds that she was denied the effective assistance of counsel by former counsel's failure to adequately consult with her on her appellate rights.

2

### III. Review Standards

A motion for relief under §2255 follows the procedures established by

the "Rules Governing Section 2255 Cases in the United States District Courts"

("Rules"). The text of §2255 states that "[u]nless the motion and the files and

records of the case **conclusively** show that the prisoner is entitled to no relief,

the court shall cause notice thereof to be served on the United States attorney,

grant a prompt hearing thereon, determine the issues and make findings of

fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate

that, upon initial consideration by the assigned District Judge, a §2255 motion

should be dismissed only "if it **plainly** appears from the motion, any attached

exhibits, and the record of prior proceedings that the moving party is not

entitled to relief."[2] In all other cases, "the judge must order the United States

attorney to file an answer, motion, or other response within a fixed time, or

to take action the judge may order."[3] The Rules authorize, where appropriate

---

[1]     *28 U.S.C. §2255* (emphasis added).

[2]     *Rule 4(b)* (emphasis added).

[3]     *Id.*

3

and by order of the Court, discovery proceedings, an expansion of the record,

and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the

ultimate legal standard for motions brought pursuant to §2255 is prescribed

by statute:

> If the court finds that . . . the sentence imposed was not
> authorized by law or otherwise open to collateral attack, or
> that there has been such a denial or infringement of the
> constitutional rights of the prisoner as to render the
> judgment vulnerable to collateral attack, the court shall
> vacate and set the judgment aside and shall discharge the
> prisoner or resentence him or grant him a new trial or
> correct the sentence as may appear appropriate.[4]

---

[4]     *28 U.S.C. §2255.*

4

# IV. Grounds for Relief

**A.**   <u>**Ground One**</u>:
**Mrs. Garcia was Deprived of the Effective Assistance of Counsel by Counsel's Failure to Adequately Consult with Her Concerning Her Appellate Rights**

## [1].   The Applicable Standard

The Sixth Amendment guarantees criminal defendants the right to "reasonably effective" legal assistance, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a claim for ineffective assistance of counsel, a movant must satisfy the "now-familiar" *Strickland* test and demonstrate that: (1) her attorney's representation "fell below an objective standard of reasonableness"; and (2) she was prejudiced by her counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (*quoting Strickland*, 466 U.S. at 687–88). A movant's failure to satisfy either prong of the *Strickland* test is generally fatal to her claim. *Strickland*, 466 U.S. at 700; *see United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014).

Where a movant does not specifically direct her attorney to file an appeal, as in this case, her attorney may perform deficiently by failing to

5

adequately consult with her regarding an appeal. *See, e.g., Flores-Ortega*, 528 U.S. at 478 ("In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal."); *Lopez-Lara v. United States*, Civil Action No. B-13-178, 2014 WL 11531891, at *11 (S.D. Tex. Aug. 7, 2014) (explaining that the court was required to determine whether movant's attorney had a duty to consult regarding an appeal, despite movant's failure to ask his attorney to file an appeal). "In this context, 'consult' means that counsel tendered advice about the advantages and disadvantages of appealing and made a 'reasonable effort to discover' the defendant's wishes on the issue." *United States v. Calderon*, 665 F. App'x 356, 364 (5th Cir. 2016). "[T]here is no mechanical rule that consultation must always follow sentencing, but counsel's cursory discussion before sentencing [does] not compensate for the complete failure to mention the possibility of

appeal after sentencing." *Esquivel v. United States*, No. 3:15-cv-553-D-BN, 2016 WL 6902150, at *5 (N.D. Tex. Oct. 3, 2016) (quoting *United States v. Pham*, 722 F.3d 320, 324 n.16 (5th Cir. 2013) ) (emphasis in original) (internal quotation marks omitted). Additionally, the Supreme Court has noted that "district courts would find a duty to consult 'in the vast majority of cases.' " *Pham*, 722 F.3d at 324.

The first *Strickland* prong, known as the "performance" prong, "begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *Id.* at 323 (quoting Flores-Ortega, 528 U.S. at 478). Where an attorney fails to consult with a client regarding an appeal, "then the question is whether that failure was unreasonable because it breached the duty to consult." *Id.* at 324; *see also Flores-Ortega*, 528 U.S. at 478 (explaining that even where an attorney "has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance"). An attorney "has a constitutionally imposed duty to consult with the defendant

about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Pham*, 722 F.3d at 324 (*quoting Flores-Ortega*, 528 U.S. at 480). The court must assess an attorney's duty to consult "in light of 'all the information counsel knew or should have known.' " *Id.* (*quoting Flores-Ortega*, 528 U.S. at 480). "Whether the conviction followed a trial or a guilty plea is 'highly relevant,' although not determinative, as is whether the defendant waived his right to appeal and whether he received a sentence for which he bargained." *Id.* (*quoting Flores-Ortega*, 528 U.S. at 480).

When an attorney breaches his constitutionally-imposed duty to consult, prejudice will not be presumed. *Hurrelbrink v. United States*, No. 3:14-CR-148-L-4, 2017 WL 1683663, at *2 (N.D. Tex. Mar. 27, 2017), report and recommendation adopted, No. 3:15-CV-3978-L, 2017 WL 1649965 (N.D. Tex. May 2, 2017) (citing *Flores-Ortega*, 528 U.S. at 484); *Esquivel*, 2016 WL 6902150,

at *4. Instead, "under *Flores-Ortega*, a defendant satisfies the second *Strickland* prong [the "prejudice" prong] if he shows 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' " *Pham*, 722 F.3d at 324 (quoting *Flores-Ortega*, 528 U.S. at 484). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," which requires a "substantial," not just "conceivable" likelihood of a different result. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (*quoting Strickland*, 466 U.S. at 694). "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega*, 528 U.S. at 485. To establish prejudice, however, a defendant need not "demonstrate that his hypothetical appeal might have had merit...." *Id*. at 486. The Fifth Circuit has held that "*Flores-Ortega* applies 'even where a defendant has waived his right to direct appeal and collateral review.' " *Bejarano*, 751 F.3d 285 (*quoting Tapp*, 491 F.3d at 266).

9

### [2]. Mrs. Garcia Reasonably Demonstrated That She Wished to Appeal

Former counsel did not consult with Mrs. Garcia on the potential benefits of appealing the sentence imposed – indeed, former counsel did not communicate with Mrs. Garcia after her sentencing or mention an appeal at any point during the course of the representation.[5] Thus, it is clear that former counsel did not meaningfully "consult" with Mrs. Garcia regarding a possible appeal, particularly after sentencing, where the court imposed a term of imprisonment some three times greater than counsel's assessment upon entry of the guilty plea.[6] *See Esquivel,* 2016 WL 6902150, at *5 (citing *Pham* for

---

[5]     *See Exhibit ("EX") #1, Declaration of San Juanita Garcia in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. §2255, ¶6,* [ attached to the contemporaneously submitted Motion to Expand the Record] ("6. After I received a much longer sentence that I expected, Mr. Canales did not discuss the potential benefits of appealing the sentence or meet with me to ascertain my wishes concerning an appeal. In fact, Mr. Canales never mentioned an appeal to me whatsoever, and I have not seen or heard from him since I was sentenced.").

[6]     *Compare,* USSG range of imprisonment found at sentencing [TOL=21, GRS=37-46 months] – *See Minute Entry for Proceedings Held Before Judge Randy Crane: Sentencing Held on 4/17/2018 – with* USSG range of

10

proposition that cursory discussions prior to sentencing do not compensate for failure to discuss possibility of appeal after sentencing).

Former counsel had a constitutionally imposed duty to consult with Mrs. Garcia regarding an appeal, as (1) Mrs. Garcia's previous sentencing expectations reasonably demonstrated to counsel that she was interested in appealing, and (2) a rational defendant, with those same sentencing expectations, would want to appeal. *Pham*, 722 F.3d at 324 (quoting *Flores-Ortega*, 528 U.S. at 480). Thus, "in light of 'all the information counsel knew or should have known,'" *id.*, former counsel was constitutionally required to meet with Mrs. Garcia following her sentencing to discuss the potential benefits of appealing the lengthier sentence and to ascertain her wishes concerning her appellate rights. This is particularly true because Mrs.

---

imprisonment founded on counsel's advice of sentence exposure under the plea offer *[TOL=12, GRS=10-16] –See EX #1, ¶4* ("Mr. Canales convinced me to accept a plea offer, which he told me would result in me being sentenced at offense level 12. Mr. Canales explained this favorable offer to me as a result of the reality that the prosecutors didn't want me they wanted my husband. I understood that this plea offer would result in a sentence of time served which I could accept.").

Garcia's plea agreement did not include a waiver of her appellate rights.[7]

Because Mrs. Garcia reasonably demonstrated an interest in appealing – and

indeed, any rational defendant, expecting a sentence of 10 to 16 months'

imprisonment, who receives a sentence of 37 months' imprisonment could be

expected to wish to appeal – former counsel's failure to consult with her

concerning her appellate rights falls below the minimal level of competence

required of criminal defense, satisfying the performance prong of *Strickland*.

### [3].   Prejudice

Absent former counsel's failure to consult, there is a reasonable

probability that Mrs. Garcia would have appealed her sentence, regardless of

whether her appeal had merit. *See Bejarano*, 751 F.3d at 286. In *Flores-Ortega*,

the Supreme Court recognized that in many cases, "the performance and

prejudice prongs may overlap, [but] they are not in all cases coextensive." 528

U.S. at 486. Thus, "although showing nonfrivolous grounds for appeal may

give weight to the contention that the defendant would have appealed," a

---

[7]    *See DE #38.*

12

defendant may also "satisfy the prejudice requirement when there are other substantial reasons to believe that he would have appealed." *Id.*

Mrs. Garcia has established prejudice based on the reality that the sentence imposed was roughly three times greater than the sentence she expected when she pleaded guilty. This fact suggests a reasonable probability that Mrs. Garcia would have appealed. Moreover, Mrs. Garcia is filing the instant *pro se* § 2255 motion in an effort to pursue a direct appeal of the sentence imposed. Mrs. Garcia's filing of this motion in conjunction with the higher than expected sentence, is sufficient to undermine confidence in a conclusion that, had defense counsel sufficiently consulted with her, an appeal would not have been filed. *Bejarano*, 751 F.3d at 286–87; *see Flores-Ortega*, 528 U.S. at 486; *Esquivel*, 2016 WL 6902150, at *8 (finding petitioner demonstrated prejudice where he testified he would have directed counsel to appeal the drug weight amounts if counsel had consulted with him, and petitioner filed a pro se motion to reduce his sentence three months post-sentencing); *Garcia v. United States*, 2:13–CV–0019, 2015 WL 9872538, at

*3 (N.D. Tex. Dec. 30, 2015) (finding that where an attorney does not complete a consultation by making a reasonable effort to determine whether the defendant wants to appeal, and the defendant demonstrates prejudice, the defendant is entitled to an out-of-time appeal).

## V. Prayer for Relief

San Juanita Garcia, having been deprived of her fundamental right to the effective assistance of counsel, guaranteed by the Fifth and Sixth Amendments to the United States Constitution, respectfully requests that this Honorable Court restore those rights by granting an out-of-time appeal, reinstating the criminal judgment on the docket, and filing a notice of appeal on behalf of Mrs. Garcia.

Respectfully submitted this __1__ day of __May__, 2019.

San Juanita Garcia

Mrs. San Juanita Garcia, *Pro Se*
Register #29324-479
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442

14

## VI. Verification

I, San Juanita Garcia, verify under penalty of perjury, pursuant to 28

U.S.C. §1746 that the foregoing is true and correct. Executed this $\underline{1}$ day of

$\underline{May}$, 2019.

San Juanita Garcia
Mrs. San Juanita Garcia, *Pro Se*
Register #29324-479
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and __2__ copies to the Clerk of the United States District Court at this address:

**Clerk, US District Court for the Southern District of Texas**
**P. O. Box 5059**
**McAllen, TX 78501**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**